# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| PABLO ROSALES<br>    Plaintiff, | § § § | |
| v. | § § § | C.A. NO.: 9:21-cv-53<br>JURY DEMAND |
| PILGRIMS PRIDE CORPORATION<br>    Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff PABLO ROSALES ("Plaintiff") and complains of Defendant PILGRIMS PRIDE CORPORATION (hereinafter referred to as "PILGRIMS PRIDE") and for his cause of action would show the Court as follows:

## INTRODUCTION

1. This action seeks economic and compensatory damages, liquidated damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas, including Title VII of the Civil Rights Act of 1964 (42 U.S.C.§2000e, et seq.), as amended, 42 U.S.C. §1981, the Age Discrimination in Employment Act of 1967 (29 U.S.C. 626, et seq.) and 42 U.S.C. §1983.

## PARTIES

2. Plaintiff Pablo Rosales. is a resident of Harrison County, Texas.

3. Defendant Pilgrim's Pride is a Delaware corporation that engages in all phases of the poultry business in the State of Texas and who may be served through their designated agent for service of process, Corporation Service Company dba CSC – Lawyers Incorporating Service

Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

4.  This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA") in accordance with provisions prohibiting race discrimination and age discrimination and retaliation for participating in protected activity. More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of age under the ADEA.

5.  This is also a civil action under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983 for deprivation of property and liberty interests. Further, this is a civil action under the provisions of 42 U.S.C. §1981, as amended, in accordance with its provisions against racial discrimination involving the right to enter into contracts and other aspects of employment as enjoyed by other citizens of the United States. Plaintiff's claims under 42 U.S.C. §1981 are brought through 42 U.S.C. §1983.

6.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a), 28 U.S.C. § 1331, 42 U.S.C. § 2000(e) et seq., as amended, §704(a), 42 U.S.C. § 1981(a), as amended, and 42 U.S.C. § 1983.

7.  This action lies in the United States District Court for the Eastern District of Texas, Marshall Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Harrison County, Texas.

## CONDITIONS PRECEDENT

8.  Plaintiff filed Charge # 450-2020-05073 with the EEOC alleging a violation of the Age Discrimination in Employment Act with the EEOC. Upon request of Plaintiff, his notice of

"Right-to Sue" was issued for Plaintiff (attached as Exhibit "A") and plaintiff, thereafter, was able to file a lawsuit on his claims. This case is filed within 90 days of Plaintiff's receipt of his notice of right to sue from the EEOC.

9. All potential administrative remedies have been exhausted and prerequisites to litigation have been met.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

10. Plaintiff was employed by Pilgrims Pride for almost 40 years when he was terminated on or about March 23, 2020. Plaintiff's date of birth is July 26, 1963 and was 57 years old at the time of his termination. Plaintiff was replaced by a worker from the night shift who is approximately 30 years old.

11. Plaintiff's job with Pilgrims Pride was machine operator and was working on a wrapping machine at the time of my termination. Plaintiff had an incident at work where a lock was placed on the wrong machine. The error was discovered around 2:00 p.m. on that day. Plaintiff was sent home at approximately 4:00 p.m. that same day. The next day Plaintiff was called at home and terminated over the phone.

12. There have been at least two other machine operators who committed the same error on the locking of the machines: Alfonso Munoz and Eloy Licea. Neither of these individuals were terminated over the same incident.

13. Prior to the incident Plaintiff had not been written up or disciplined for his job performance in the entire time he worked for Pilgrims Pride. Plaintiff alleges his termination was motivated by a discriminatory animus towards Plaintiff because of his age.

## CAUSES OF ACTION

### COUNT ONE - DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

14. The allegations contained in Paragraphs 1 through 13 are hereby incorporated by reference.

15. Plaintiff is informed and believes and therefore alleges that Defendant replaced him in the position, which he formerly held with Defendant with a younger employee.

16. The termination of Plaintiff by Defendant was because of Plaintiff's age, which violates 29 U.S.C § 623(a)(1) and therefore entitles Plaintiff to relief under the provisions of 29 U.S.C. §626.

17. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic age discrimination against Plaintiff by inter alia:

   a. Failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified younger employees; and,

   b. Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of younger employees.

18. The termination of Plaintiff's employment by Defendant constitutes a willful violation of 29 U.S.C. § 623 and as such entitles Plaintiff to recover liquidated damages.

## DAMAGES

19. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract

or employment relationship, employment benefits in the past, and employment benefits in the future.

20. Because of Defendant's intentional discrimination against Plaintiff on the basis of his age, Plaintiff is entitled to liquidated damages.

## ATTORNEYS' FEES AND EXPERT FEES

21. A prevailing party may recover reasonable attorneys' and experts' fees under the Age Discrimination in Employment Act.  Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.  Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## JURY DEMAND

22. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay.

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone/Facsimile

ATTORNEY FOR PLAINTIFF